IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| The Petition of Theo Bullmore & Simon ) | CASE NO. BK03-42145 |
| Whicker as Joint Official Liquidators for ) | |
| NATIONAL WARRANTY INSURANCE RISK ) | In an ancillary case |
| RETENTION GROUP, d/b/a National ) | under 11 U.S.C. § 304 |
| Warranty Insurance Company and National ) | |
| Warranty Insurance Group, ) | |
| ) | |
| Debtor in foreign proceedings. ) | |
| THEO BULLMORE and SIMON WHICKER, ) | ADVERSARY NO. A04-4056 |
| Joint Official Liquidators, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| MILLIMAN, INC., ) | |
| ) | |
| Defendant. ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on August 24, 2005, regarding Filing No. 125, Motion to Stay Pending Arbitration, filed by defendant Milliman, Inc. Joseph H. Badami, Krista L. Kester and Jeff Makovicka appeared for Theo Bullmore and Simon Whicker; and Trenten P. Bausch, Sandra Brown, Erin O'Connor, John Hubbard, and Megan Wright appeared for Milliman, Inc.

Milliman, Inc., has filed a motion to stay this adversary proceeding pending arbitration. The Joint Official Liquidators agree that there is an agreement to arbitrate contained in an engagement letter concerning the year 2002 actuarial analysis of National Warranty. However, the Joint Official Liquidators have resisted, in the pending arbitration proceeding, any argument by Milliman that the scope of the arbitration can be expanded to include activities and agreements of the parties prior to that engagement letter.

Milliman argues that once there is a valid arbitration clause in an agreement between the parties, it is up to the arbitrator to determine the scope of the arbitration, including whether it covers activities in years prior to the engagement letter which contains the arbitration clause. Milliman has cited numerous federal cases in support of its proposition. See Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc., 198 F.3d 88, 99 (2d Cir. 1999) (where arbitration clause does not contain any temporal limitation and the claims relate to an obligation under the agreement, claims which pre-date the agreement are arbitrable); Hornbeck Offshore (1984) Corp. v. Coastal Carriers Corp. (In re Complaint of Hornbeck Offshore (1984) Corp.), 981 F.2d 752, 754 (5th Cir. 1993) (if the issues are within the reach of the agreement, a stay is mandatory); Contec Corp. v. Remote Solution Co., Ltd., 398 F.3d 205, 208 ( 2d Cir. 2005) (the issue of arbitrability may be referred to arbitrator only if parties' intention to do so is clear and unmistakable in agreement).

   The motion is granted.  This adversary proceeding is stayed pending the arbitration.  The arbitrators may determine the scope of their jurisdiction, subject only to court review, if any, as provided for by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

   SO ORDERED.

   DATED this 2nd day of September, 2005.

                BY THE COURT:

                /s/ Timothy J. Mahoney
                Chief Judge

Notice given by the Court to:
  Joseph Badami   John Hubbard
  Krista Kester    Sandra Brown
  Jeff Makovicka   Erin O'Connor
  *Trenten Bausch   Megan Wright

*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.